```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

```
VICKIE TAYLOR,                    *
                                  *
     Plaintiff,                   *
                                  *
vs.                               * Civil Action No.04-00758-BH-B
                                  *
CITY OF DEMOPOLIS, et al.,        *
                                  *
     Defendants.                  *
```

## ORDER

This case is before the Court on Plaintiff's Second Motion To Compel (Doc. 27), and Motion To Strike Defendants' Expert Witness (Doc. 29). Upon consideration of Plaintiff's Motions, and Defendants' opposition thereto, the undersigned **GRANTS**, **in part**, Plaintiff's Second Motion To Compel, and **DENIES** Plaintiff's Motion To Strike Defendants' Expert Witness.

In Plaintiff's Second Motion to Compel, Plaintiff asserts that Defendants have failed to provide proper responses to Plaintiff's Interrogatories, namely items Nos. 2, 3, 4, 5, 6, 10, 11, 12, and 14. These interrogatories seek information regarding any discussions that the individual Defendants had regarding the decision not to elect Plaintiff to the City Clerk position in the fall of 2004, the instant lawsuit, the election of Paula Rich as City Clerk, and the election of Carla Cowling as City Clerk. Plaintiff also seeks information regarding every

person who applied for the job of City Clerk after October 7, 2004. In their response, Defendants contend that they have properly responded to the subject interrogatories.

The undersigned has reviewed the interrogatories at issue and notes as a preliminary matter that all of the individual Defendants failed to provide proper responses to questions No. 4 and No. 12. Both questions provide that to the extent that Defendants have limited their responses to certain questions based on the assertion of a privilege, they are to "provide the basis for asserting the privilege, including, but not limited to, the names of the individuals who you claim were present at the discussion that supports a claim of privilege." In response to these two interrogatories, each of the individual Defendants simply stated "Executive Session privilege and attorney/client privilege." Such responses are deficient because they provide no basis upon which the appropriateness of the alleged privileges can be evaluated. Accordingly, Defendants are **DIRECTED** to submit complete responses to questions Nos. 4 and 12 by **August 25, 2005.**

Additionally, the individual Defendants listed below are also **DIRECTED** to supplement their responses, as follows, no later than **August 25, 2005:**

   1. **Woody Collins** is **DIRECTED** to supplement his

      response to 2(f), 10(a), (b) and (e), and 11(a), (b) and (e);

2. **Charles Jones** is **DIRECTED** to supplement his response to 10(a), (e) and (f), and 11(a), (e) and (f);

3. **Jack Cooley** is **DIRECTED** to supplement his response to 10(b);

4. **Melvin Yelverton** is **DIRECTED** to supplement his response to 2(f), 10(a) and (e), and 11(a) and (e); and

5. **Thomas Moore** is **DIRECTED** to supplement his response to 2(f), 10(a) and (e), and 11(a) and (e).

To the extent Plaintiff seeks to compel the individual Defendants to identify the persons who applied for the City Clerk position after October 7, 2004, the undersigned declines to do so in the absence of any evidence that these individuals were responsible for maintaining information regarding such applicants. This is particularly true where the City of Demopolis is a party Defendant and is presumably the entity responsible for receiving and maintaining such information.

With respect to Plaintiff's Motion to Strike Defendants' Expert Witness (Doc. 29), the undersigned denies the motion without prejudice to Plaintiff's right to reassert this issue. Plaintiff asserts that Defendants should be prohibited from

utilizing Arthur E. Elsner ("Elsner")[1] as an expert witness regarding city clerks in Alabama, because his testimony is inadmissible as he does not possess "scientific, technical, or other specialized knowledge" based upon his "knowledge, skill, experience, training or education" relevant to the issues in this case, as required by Rule 702 of the <u>Federal Rules of Civil Procedure</u>. (Doc. 29). Additionally, Plaintiff contends that Elsner's expertise is merely premised upon his personal opinions and/or position as a City Clerk for Millbrook, Alabama, to establish himself as a "so-called expert in the area of city clerks[,]" but that his experience does not rise to a level of expertise in a specific area sufficient for expert designation. (<u>Id</u>. at 4-5). Indeed, Plaintiff argues that "[t]he only opinion that could be offered by Elsner is not that of an expert, but a lay person who is not allowed to give opinion testimony under these circumstances." (<u>Id</u>. at 5).

In contrast, Defendants argue that Elsner should be allowed to testify as an expert witness because Plaintiff's concerns and objections are more appropriately addressed upon cross-examination and go to the weight, rather than admissibility, of the disputed expert testimony. (Doc. 36). Additionally,

---

[1] It appears that Mr. Elsner has not yet been deposed in this action. (Doc. 29 at 9).

Defendants claim that Elsner qualifies as an expert witness in light of the Advisory Committee Notes to Rule 702, which provide that fields of knowledge which may be drawn upon are not limited merely to the "scientific" or "technical," but extend to all "specialized knowledge," and that in this case, there are a number of disputed issues, such as the process of electing a City Clerk, any "entitlements" a Clerk may have once in office, qualifications for City Clerk and the duties and rights of a City Clerk under statute and in practice, that Elsner is qualified to testify about due to his years of experience as a City Clerk. (Id.)

The Federal Rules of Evidence govern the admissibility of expert testimony. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587-589 (1993); Allstate Ins. Co. v. Hugh Cole Builder, Inc., 137 F. Supp. 2d 1283, 1285-86 (M.D. Ala. 2001). A qualified expert may give opinion testimony if the expert's specialized knowledge will help the jury understand the evidence or decide a fact in issue. Fed. R. Evid. 702. However, expert testimony should only be admitted if it is both relevant and reliable; trial judges must act as "gatekeepers" to carefully screen the admissibility of expert testimony when it is proffered. Daubert, 509 U.S. at 589. See also Rudd v. General Motors Corp., 127 F. Supp. 2d 1330, 1334 (M.D. Ala. 2001). This

"special obligation" is applicable to "all expert testimony" because the "gatekeeping obligation" does not "depend[] upon a distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge."  <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 147-148 (1999).

While Plaintiff contends that the proposed testimony consists of nothing more than lay opinions, the undersigned is unable, at this juncture, to determine whether the proposed testimony will invade the province of the Court and jury, or will merely serve to assist the trier of fact by explaining procedures, etc.  Therefore, the Court finds that the motion should be **DENIED** at this time without prejudice to its reassertion closer to trial.  Testimony that invades the province of the Court or jury will not be allowed, but testimony that merely assists the trier of fact will be allowed. Additionally, any such testimony will be subject to a showing of proper foundation and reliability.

DONE this **16th** day of **August, 2005.**

                                        **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**