IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICKIE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: 04-758-BH-B |
| ) | |
| THE CITY OF DEMOPOLIS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion (Doc. 64) to Amend Complaint and Motion (Doc. 65) to Amend the Scheduling Order. Based on the information presented, the Court finds that these motions are **due to be DENIED**. Pursuant to the Court's Scheduling Order (Doc. 9) of February 23, 2005, all amendments were to be submitted by the parties on or before March 1, 2005. The motions currently before the Court were filed over seven months after that date. Furthermore, both parties have already submitted motions for summary judgment and fully briefed responses and replies to these motions.

In Plaintiff's First Amended Complaint (Doc. 14), she asserted the claim of invasion of privacy, however, only supported that claim with allegations of misappropriation of name or likeness. Nowhere in that pleading did Plaintiff mention an instance of false light invasion of privacy. Such a claim was first mentioned in Plaintiff's Motion (Doc. 48) and Brief (Doc. 50) in support of Summary Judgment. Only after Defendants' Response (Doc. 53) to her Motion for Summary Judgment, in which Defendants' pointed out that this claim was being raised for the first time, did Plaintiff seek to amend her Complaint for the second time.

Plaintiff claims that her reason for attempting to amend at such a late date was because she was

unable to adequately discover sufficient information to plead the false light claim due to Defendants' dilatory discovery tactics. (Pl.'s Second Mot. Amend., Doc. 64, p. 2). The Court disagrees. The happenings upon which Plaintiff bases her false light claim occurred in October 2004. At that time, Plaintiff became or should have become aware of her claim of false light invasion of privacy. Furthermore, the Court does not find that Plaintiff's assertions of an invasion of privacy claim in her prior complaints adequately incorporate a specific sub-tort of false light invasion of privacy. In Plaintiff's initial Complaint and First Amended Complaint, she specifies that her invasion of privacy deals with the alleged misappropriation of her signature. At no point does she aver that her invasion of privacy claim is supported by an allegation of false light. When questioned about her claim of invasion of privacy in her deposition, Plaintiff further stated that her claim only involved the use of her signature stamp. (Taylor Dep., Doc. 51-1, p. 194). Therefore, the Court finds that Plaintiff's claim of invasion of privacy, as presented in her First Amended Complaint, does not adequately establish a claim for the sub-tort of false light invasion of privacy. Based on the above reasons, the Court finds that Plaintiff's Motion (Doc. 64) to Amend Complaint and Motion (Doc. 65) to Amend the Scheduling Order are **due to be and hereby DENIED**.

**So ORDERED**, this 18th day of October, 2005.

                                              s/ W. B. Hand
                                          SENIOR DISTRICT JUDGE